📧 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
WHITFIELD COUNTY, GEORGIA
**22CI00373**
JIM WILBANKS
APR 01, 2022 08:18 AM

*Babs Bailey*
Babs Bailey, Clerk
Whitfield County, Georgia

# IN THE SUPERIOR COURT OF WHITFIELD COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SARA NICOLE CREECH,           ) | |
|         PLAINTIFF,         ) | |
|                       ) | Civil Action No. _____ |
| V.                           ) | |
| BRINKER GEORGIA, INC. d/b/a  ) | |
| CHILI'S GRILL AND BAR,       ) | |
|         DEFENDANT.         ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Sara Nicole Creech, by and through counsel, and brings this civil action and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.   Plaintiff is an individual domiciled in Whitfield County, Georgia presently as well as at the time of all events forming the basis of this action.

2.   Defendant is a corporation organized under the laws of the state of Virginia with its principal office located in Dallas, Texas.  Defendant may be served with process via its Georgia registered agent, The Prentice Hall Corp System, at 40 Technology Pkwy South, #300, Norcross, GA, 30092.

3.   Defendant is subject to the jurisdiction of this Court pursuant to the Georgia long-arm statute, codified O.C.G.A. §9-10-91, by virtue of conducting

# EXHIBIT A

business within the state of Georgia and having committed one or more torts within the state of Georgia.

4. All events forming the factual basis of this action occurred within Whitfield County, Georgia.

5. Venue is proper in this Court pursuant to O.C.G.A. §14-2-510(B)(4) by virtue of the events giving rise to this cause of action sounding in tort having occurred within Whitfield County, Georgia.

## CLAIM FOR RELIEF

6. On or about the 5th day of May, 2020, Halei Cheyenne Turner met friends at the Defendant's bar and grill located at 881 Holiday Inn Drive in Dalton, Georgia for the purpose of celebrating Cinco De Mayo.

7. Ms. Turner had been previously employed by Defendant and remained friends with the bartender at the bar and grill as well as other employees of Defendant.

8. Ms. Turner and her friends began drinking alcoholic beverages, and proceeded to have several over the course of the hours they stayed at Defendant's Restaurant.

9. At some point during the celebration, Ms. Turner became noticeably intoxicated, and Defendant's staff continued to serve her alcoholic beverages.

10. At the time Ms. Turner was being overserved, Defendant's staff was aware of that Ms. Turner would soon be driving because she was witnessed arriving by herself, and she stated her intention to leave soon to join another group of friends celebrating at a nearby Mexican Restaurant.

11. Members of Defendant's staff even made plans to join Ms. Turner after their work shifts were scheduled to end.

12. After overserving Ms. Turner, Defendant's staff knowingly allowed her to drive away from its premises in an intoxicated state.

13. Not only did Defendant's staff allow her to drive; they sent her out the door with a to-go margarita in a souvenir cup that Defendant was promoting at the time due to the COVID-19 pandemic.

14. Against all odds Ms. Turner managed to weave and swerve her vehicle for approximately five miles to the near-by Mexican Restaurant known as "Fiesta Mexicana" without wrecking her vehicle.

15. Ms. Turner traveled directly to Fiesta Mexicana without making any stops or detours.

16. Upon arriving to Fiesta Mexicana, Ms. Turner was boisterous, loud, and her speech was slurred.

17. Ms. Turner attempted to order an alcoholic beverage, and the staff at Fiesta Mexicana declined to serve her due to her obvious state of intoxication.

18. After being refused service, Ms. Turner and her friends decided to leave Fiesta Mexicana to join another group of friends hosting a party.

19. Ms. Turner's state of intoxication was obvious even to her friends, who concocted a plan to have both a car travel in front of and behind Ms. Turner's vehicle in an attempt to assist her in arriving safely.

20. As Ms. Turner's caravan negotiated a curve along Georgia Highway 52 near Lee Bryant Road, Ms. Turner allowed her vehicle to cross the centerline of the two-lane highway.

21. As Ms. Turner's vehicle crossed the centerline, Sara Creech was driving her vehicle approaching from the opposite direction.

22. There was nothing that Ms. Creech could do to avoid Ms. Turner's vehicle, and the vehicles collided at a high rate of speed.

23. Ms. Turner was ejected from her vehicle and died near the scene of the crash.

24. The steering column of Ms. Creech's car collapsed on top of her legs and into her abdomen crushing bones and shredding tissue throughout her body.

25. Ms. Creech required hundreds of thousands of dollars worth of emergency surgery to save her life and to avoid amputation of her legs, and her painful recovery continues to this day.

26. Ms. Creech's body will forever remain scarred and physically impaired as a result of her debilitating injuries.

## COUNT I – DRAM SHOP LIABILITY

27. Defendant had a duty, imposed by O.C.G.A. §51-1-40(b) and O.C.G.A. §3-3-22, to refrain from serving additional alcohol to Ms. Turner after she was noticeably intoxicated while knowing she would be driving soon.

28. Defendant breached that duty, and Defendant's breach was the direct and proximate cause of Ms. Creech's injury and damages incurred.

## COUNT II – NEGLIGENCE PER SE

29. At the time in question, O.C.G.A. §3-3-11 imposed the following duties upon restaurants like Defendant who opted to serve alcoholic beverages for off premises consumption:

   a. To provide such beverages only to curbside pick-up customers

   b. To provide such beverages only in approved containers that do not contain openings or straw holes.

   c. To provide such beverages only when accompanied by a to-go food order.

30. The duties imposed by O.C.G.A. §3-3-11 were designed to protect the public from harm resulting from abuse of alcohol, including drunk driving, and Ms. Creech was a member of the class that was intended to be protected by this statute.

31. Defendant violated each of these duties by serving a to-go alcoholic beverage to Ms. Turner that was not a curbside order, was not accompanied by a food purchase, and was not within an approved sealed container.

32. Defendant's violations directly and proximately caused harm to Ms. Creech of the type intended to be prevented by the statute.

## COUNT III – NEGLIGENCE

33. Defendant owed Ms. Creech a duty to exercise reasonable care while selling alcoholic beverages at its restaurant.

34. Defendant breached that duty by allowing off-duty employees to be served alcoholic beverages by co-workers.

35. A reasonably careful and prudent restaurant owner would recognize that the service of alcoholic beverages among co-workers who have developed friendships would create a peer-pressure environment that would interfere with a bar tender's ability to exercise the independent care and judgment necessary to avoid over-serving patrons that will be driving.

36. Defendant's failure to exercise such reasonable care was the direct and proximate cause of Ms. Creech's injury and damages for which Defendant is liable.

## COUNT IV – PUNITIVE DAMAGES

37. Defendant's actions showed willful misconduct, wantonness, and an entire want of care exemplifying a conscious indifference to the consequences of its actions.

38. Defendant is liable for all attorney's fees, costs, and punitive damages pursuant to O.C.G.A. §51-12-5.1.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands the following relief:

(a) Full compensatory damages, including medical expenses, pain and suffering, and compensation for permanent physical impairment and scarring;

(b) Exemplary and punitive damages to the full extent permitted by law;

(c) Reasonable Attorney's fees and expenses;

(d) Pre-suit, pre-judgment, and post-judgment interest to the full extent allowed by law;

(e) All costs and disbursements;

(f) All other relief that is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so able to be tried.

Respectfully Submitted, This 1st Day of April, 2022.

        **MCCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP**

        /s/ Nathan D. Lock
        Nathan D. Lock
        Georgia Bar No. 948780
        nlock@mccamylaw.com
        ***Attorney for Plaintiff***
        P.O. Box 1105
        Dalton, Georgia 30722-1105
        Telephone:  (706) 278-4499
        Fax:  (706) 529-8814